UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RISE ST. JAMES and SHARON LAVIGNE, *Plaintiffs* v. TOWN OF GRAMERCY and STEVE NOSACKA, in his official capacity as the Mayor of the Town of Gramercy, *Defendants* | CIVIL ACTION NO.: SECTION: DIVISION: MAGISTRATE JUDGE: JUDGE: |

## COMPLAINT

Plaintiffs RISE ST. JAMES and SHARON LAVIGNE bring this action for nominal damages, declaratory and injunctive relief against Defendants for violation of their right to free speech protected by the First Amendment to the United States Constitution. In support of their claims, Plaintiffs respectfully state:

## INTRODUCTION

1.

For years, Plaintiff SHARON LAVIGNE watched as her local and state governments permitted and encouraged manufacturing and chemical plants to locate in her home St. James Parish.

2.

After seeing loved ones die from the toxic air pollution and witnessing the devastating effects of these plants in her community, Sharon Lavigne was inspired to found RISE St. James,

a faith-based local organization dedicated to educating the public and fighting for environmental changes in St. James.

3.

On November 3, 2020, Louisianans were scheduled to vote on Amendment 5 to the Louisiana Constitution, which allowed for industrial plants and other companies to obtain exemptions from property taxes and pay "fees" negotiated with local city governments, without any input or vote by the residents of those cities.

4.

This Proposed Amendment could be used by local governments to create tax incentives to encourage additional industrial plants to locate in areas in Louisiana, including specifically St. James Parish.

5.

St. James Parish is home to the infamously named "Cancer Alley," which remains dangerously afflicted by toxic air quality and other hazardous conditions created by the inordinate number of industrial plants in the community, causing illnesses for the residents, including cancer.

6.

Of the 10 highest census tracts in the nation for cancer rates, seven are located within or near Cancer Alley. One of those tracts is St. James Parish.

7.

SHARON LAVIGNE and RISE ST. JAMES (hereinafter, collectively "Plaintiffs"), are strongly opposed to the Proposed Amendment 5, which they fear will result in further pollution and further illness and harm to their communities.

8.

Wanting to educate the public and make their opposition heard by their community members, SHARON LAVIGNE and the members of RISE St. James scheduled a public march on the issue for Saturday, October 17, 2020.

9.

Defendants' enforcement of municipal ordinance Ch. 50, Art. II of the Gramercy Code of Ordinances, created a lengthy and burdensome process that ultimately served as a barrier to Plaintiffs' planned march, violating their First Amendment rights of assembly and free speech.

10.

Plaintiffs bring this suit to obtain nominal damages for the violation of their rights and to seek prospective relief from this Court to guard against future burdens on constitutionally protected speech through the unconstitutional enforcement of Gramercy's ordinance.

## JURISDICTION

11.

This is an action for declaratory and injunctive relief and damages pursuant to 42 U.S.C. §1983 based upon the continuing violations of the Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

12.

This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

## VENUE

13.

Venue is proper as Defendants are subject to the personal jurisdiction of this Court. Defendants are residents of Gramercy, a town located within the jurisdiction of the Eastern District of Louisiana. Moreover, all of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

## PARTIES

14.

Plaintiff RISE ST. JAMES is a faith-based grass-roots organization formed in 2018 to advocate for racial and environmental justice in St. James Parish, Louisiana. On October 5, 2020, members of Plaintiff RISE ST. JAMES commenced the application process to hold a march on October 17th, in an effort to educate the community on Proposed Amendment 5 and its potential harmful implications for the residents of Lutcher and Gramercy.

15.

Plaintiff RISE ST. JAMES' members will also seek to engage in free in speech in Gramercy in the future. RISE ST. JAMES fears further and future restriction to the members' First Amendment rights in educating the public on matters of public concern.

16.

Plaintiff SHARON LAVIGNE is a resident of St. James Parish, Louisiana.

17.

Plaintiff SHARON LAVIGNE is the founder and President of RISE ST. JAMES, organizing community events and meetings in response to the high rates of cancer and illness of the residents of St. James Parish and surrounding localities. On October 5, 2020, Plaintiff

SHARON LAVIGNE commenced the application process to hold a march to educate her community on Proposed Amendment 5 and its potential harmful implications for the residents of Lutcher and Gramercy.

18.

Plaintiff SHARON LAVIGNE anticipates seeking to engage in free in speech in Gramercy in the future and fears further restriction to her First Amendment rights in educating the public on matters of public concern.

19.

Defendant TOWN OF GRAMERCY is a town in St. James Parish, Louisiana with a population of 3,613 according to the 2010 census.

20.

Defendant Mayor STEVE NOSACKA is the Mayor of the Town of Gramercy in St. James Parish, Louisiana. At all times herein Defendant NOSACKA was acting under color of law and as a final policymaker for the TOWN OF GRAMERCY. As Mayor, he is the chief executive responsible for establishing and enforcing local laws, policies, and procedures of the TOWN OF GRAMERCY, including specifically those policies pertaining to the exercise of free speech within the town. He is sued in his official capacity only.

21.

Defendant Mayor STEVE NOSACKA, as the chief executive of the TOWN OF GRAMERCY, is responsible for enforcement of Ch. 50, Art. II of the Gramercy Code of Ordinances pertaining to issuance of parade permits.

22.

Defendant NOSACKA also exercises discretionary power in approving and denying permits for speech pursuant to Gramercy ordinances.

23.

Defendant Mayor STEVE NOSACKA is privately employed, in addition to being Mayor of Gramercy. Defendant NOSACKA is identified as the Vice President of Petroplex International, LLC ("Petroplex"), a private development company of bulk liquid storage tank terminals based in Baton Rouge, La. In 2012, Petroplex began development of a $600 million bulk liquid terminal in St. James Parish. In 2016 Petroplex sued St. James Parish, seeking to expand industrial development in St. James. It is unclear whether Petroplex remains active.

24.

Defendant NOSACKA is also the owner of Trinity Capital Resources, LLC ("TCR"), a private company serving as financial advisors and consultants to municipal governments, and providing "project finance and development expertise" to privately-owned parishes. On the company website, defendant NOSACKA lists his involvement in an oil refinery project's identification and purchase of land and touts his role in the purchase of a local landowner's property by a Fortune 100 company seeking to build a Steel Mill complex. The website also identifies Defendant NOSACKA as the Principal in Charge, stating, "… as the Mayor of the Town of Gramercy (LA), Steve [Nosacka] brings to his clients a first-hand understanding of the 'public side' of public finance."

6

25.

Defendants Mayor STEVE NOSACKA and TOWN OF GRAMERCY exercise complete and unfettered discretionary power in the grant and denial of permits for parades and demonstrations within the TOWN OF GRAMERCY.

## FACTUAL ALLEGATIONS

### *Plaintiffs Attempt to Exercise Their First Amendment Rights*

26.

Plaintiffs LAVIGNE and RISE ST. JAMES sought to heighten awareness in Gramercy and Lutcher of the dangers of Proposed Amendment 5 and its potential for exacerbating the harmful air quality in St. James Parish.

27.

They decided to hold a march on October 17, 2020, because proposed Louisiana Amendment 5 was set to appear on the state-wide ballot for public vote on November 3, 2020, and early voting was underway.

28.

On October 5, 2020, Plaintiff LAVIGNE went to the office of Defendant NOSACKA to inform him of RISE's intention to march through the towns of Lutcher and Gramercy on October 17.

29.

Plaintiff LAVIGNE was asked to explain the nature and subject of the march to Defendant NOSACKA, which she did.

30.

Plaintiff LAVIGNE requested the ability to use cars in the march, due to the age and physical limitations of some of the intended participants.

31.

Defendant NOSACKA refused any use of private use of cars in the march for attendees needing such accommodation.

32.

In response to Plaintiff LAVIGNE'S mention of a participant who needed vehicular accommodations Defendant NOSACKA stated that no private vehicles would be allowed for public safety concerns and suggested that the individual stay at home, instead.

33.

Defendant NOSACKA requested that Plaintiff LAVIGNE return the following day for a meeting.

34.

On October 6, 2020, Plaintiff LAVIGNE returned to the office of Defendant NOSACKA.

35.

Present at the meeting were Plaintiff LAVIGNE, three members of Plaintiff RISE ST. JAMES, Defendant NOSACKA, Mayor of Lutcher Patrick St. Pierre, and the police chiefs of the towns of Lutcher and Gramercy.

36.

At the meeting, Defendant NOSACKA asked Plaintiffs about the nature and subject matter of the march, which Plaintiff LAVIGNE explained.

37.

Plaintiff LAVIGNE then requested paperwork for the relevant permit needed. Defendant NOSACKA gave the permit application to Plaintiff LAVIGNE.

38.

Defendant NOSACKA indicated that Gramercy would waive the parade and demonstration bond of $10,000 so that the Plaintiffs could hold their march.

39.

Defendant NOSACKA and Mayor St. Pierre requested to see the suggested route of the parade, at which point Plaintiff LAVIGNE and RISE members outlined the route.

40.

Defendant NOSACKA redrew the route to accommodate community events which he believed would interfere with the march route.

41.

He modified the route to move it around a planned jambalaya sale at a local grocery store.

42.

Plaintiffs made no changes to the route.

43.

Defendant NOSACKA encouraged Lutcher Mayor St. Pierre to hold a vote in Lutcher to approve the Plaintiffs' proposed march.

44.

Defendant NOSACKA notified the Plaintiffs that no vehicles were permitted. He stated that an individual needing disability accommodation could ride in a town police car.

45.

Defendant NOSACKA gave Plaintiffs the permit application and instructed the Plaintiffs to return the permit application by noon on Thursday, October 8, 2020.

46.

On the night of Tuesday, October 6, 2020, the Mayor and Board of Aldermen of the Town of Lutcher voted upon and approved the Plaintiffs' request to march through Lutcher on October 17, 2020.

47.

The permit application for the portion of the march traversing the TOWN OF GRAMERCY was held in limbo until it could be voted on by the Gramercy Board of Aldermen at their next meeting.

48.

On Wednesday, October 7, Defendant NOSACKA sent an email to Plaintiff LAVIGNE stating he felt "strongly that the TOWN OF GRAMERCY's position on this [was] that [they WOULD] BE REQUIRED to submit the [Parade] Bond."

49.

In the same email, NOSACKA stated that the Defendants' "concern as always, is the risk to the Town and its residents that is inherent in any Parade or Public Event, and the Parade/Event Insurance Bond is a reasonable and necessary tool to reduce our risk."

50.

After receiving this email, the Plaintiffs were unclear as to the purpose of the bond, having received no explanation as to the justification of the $10,000 amount, why Defendant

NOSACKA changed his mind in imposing it on a political march, or instructions on how to post the bond.

51.

Plaintiffs were under the impression that the Parade Bond needed to be posted in cash, in full.

52.

On Thursday, October 8, 2020, at 10:50 A.M., RISE member Ms. Stephanie Cooper, a school teacher, used her planning hour to travel from school to the office of Defendant NOSACKA to submit the application by the noon deadline, on behalf of RISE ST. JAMES and MS. LAVIGNE.

### *Plaintiffs Formally Request Repeal of the Ordinance and Waiver of the Bond Requirement*

53.

Ms. Stephanie Cooper contacted Defendant NOSACKA on Friday, October 9 in an attempt to clarify the need for the $10,000 bond.

54.

During the phone call, Ms. Cooper reminded Defendant NOSACKA that he had previously stated the bond would be waived. She asked him for his reasoning in changing his mind.

55.

Defendant NOSACKA admitted to having verbally granted the bond waiver previously but stated that "his people" would not grant the permit without the bond.

56.

On Monday, October 12, 2020, Plaintiffs contacted Defendants through counsel and sought non-enforcement of the $10,000 bond. That letter identified additional constitutional concerns in enforcement of the Gramercy parade permitting scheme.

57.

On Tuesday, October 13, 2020, the Town of Gramercy Board of Aldermen Council voted upon Plaintiffs' permit application and granted it in a unanimous 5-0 vote, contingent upon Plaintiffs' post of the Parade Bond.

58.

On Thursday, October 15, Plaintiffs were informed that bond must be posted by noon on Friday, October 16 because the Town of Gramercy closes at noon on Fridays.

59.

Plaintiffs assumed the $10,000 was required in cash. Coming up with $10,000 is a substantial challenge for Plaintiffs.

60.

Plaintiffs learned through counsel that they could seek bond underwriting through a local insurance company Englade, Boudreux, Waguespack Insurance (hereinafter the "Insurance Company") in Lutcher, Louisiana.

61.

However, the Insurance Company was not able to guarantee the grant and post of the Parade Bond by the required time of noon on Friday, October 16, 2020. It also was unable to provide specific information as to timeline or required payment for the issuance of the Bond.

62.

The underwriting and decision process determining whether a Parade Bond is granted and posted is outsourced by the Insurance Company to private underwriters.

63.

One of the factors considered by private underwriters in evaluating the application for Parade Bond underwriting is the nature of the proposed event.

64.

None of these procedures or processes regarding the role and discretion of private insurance companies in the grant and posting of Parade Bonds is delineated in the relevant ordinance.

65.

Plaintiffs still do not fully understand the process for how to post a bond.

### *Injury to Plaintiffs*

66.

As a result of this onerous and restrictive process in the Gramercy parade permit scheme, the Plaintiffs rerouted and reorganized the march.

67.

The march did not traverse any territory within the TOWN OF GRAMERCY, instead remaining confined to the Town of Lutcher, contrary to the original intended path.

68.

The Parade Bond effectively served as a prohibitive tax and obstacle upon the Plaintiffs' protected rights of speech and assembly, causing restriction on their First Amendment right to

march in the TOWN OF GRAMERCY against Proposed Louisiana Amendment 5, on the ballot for vote on November 3, 2020.

69.

As a result of the Gramercy permitting process, Plaintiffs were unable to express their political opinions in Gramercy upon a time-sensitive political proposition that has the potential to greatly impact their communities.

70.

The Plaintiffs were not only already subjected to this unconstitutional scheme but also face the same restrictions for any future events and similarly protected speech.

71.

In addition to containing the problematic bond provision, the TOWN of GRAMERCY's ordinance violates the Constitution because:

 a. The facial possibility for broad, unbridled discretion granted to the licensing authority (here, the Defendants) gives rise to the potential for content-based discrimination in the grant and denial of Parade and Demonstration permits in violation of the First Amendment;

 b. The time restrictions delineated in the Ordinance are burdensome and not tailored to any particularized government interest, unlawfully restricting the First Amendment rights to assembly and speech by the Plaintiffs and others, without providing ample alternative channels of communication;

 c. The Parade Bond contained within the Ordinance is not nominal and is not properly tailored to any government interest or expense, effectively taxing protected speech in violation of the First Amendment;

    d.  The Ordinance as written is unlawfully overbroad, sweeping within its ambit protected speech and conduct that the government has no legitimate interest in regulating;

    e.  The Ordinance as written provides for the denial of a permit for any event held "for the sole purpose of advertising any product, cause, goods or event and is not designed to be held purely for private profit," which essentially outlaws all political and commercial speech;

    f.  The Ordinance as written provides for the denial of a permit for any event that will cause "disorderly conduct or create a disturbance," without defining those terms or tailoring them to a particularized government interest; and

    g.  The Ordinance as written and as enforced is unlawfully vague, failing to provide clear, narrow guidelines to individuals seeking permits for otherwise protected speech and conduct.

## STATEMENT OF CLAIMS

<u>FIRST CAUSE OF ACTION – FIRST AMENDMENT TO THE U.S. CONSTITUTION</u>

Plaintiffs re-allege and herein incorporate by reference the allegations set forth in paragraphs above. The ordinance is unconstitutional facially and as applied to Plaintiffs, in violation of the First Amendment of the U.S. Constitution.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, RISE ST. JAMES and SHARON LAVIGNE pray that this Court:

A. Declare Ch. 50, Art. II of the Gramercy Code of Ordinances unconstitutional facially and as applied, as violative of the First Amendment to the United States Constitution;

B. Preliminarily and, in due course, permanently enjoin Defendants from continued enforcement of Ch. 50, Art. II of the Gramercy Code of Ordinances;

C. Order Defendants to take appropriate, affirmative steps to ensure that the activities complained of herein are not engaged in again by Defendants or any of their agents or employees;

D. Award nominal damages to the Plaintiffs;

E. Award costs and reasonable attorneys' fees to the Plaintiffs;

F. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Katie M. Schwartzmann*
Katie M. Schwartzmann La No. 30295, T.A.
Tulane First Amendment Law Clinic
6329 Freret Street, Suite 130
New Orleans, La 70118
o: (504) 862-8813
kschwartzmann@tulane.edu

and

*Anooshay Asim*
*Brian Mounce*
*Jennifer Siew*
Student Attorneys
Tulane First Amendment Law Clinic
6329 Freret Street, Suite 130
New Orleans, La 70118
aasmin@tulan.edu
bmounce@tulane.edu
jsiew@tulane.edu